UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAMAL RASS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-835-SDD-RLB** |
| **AHA HUTS, LLC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 5, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAMAL RASS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-835-SDD-RLB** |
| **AHA HUTS, LLC, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Supplement and Amend Petition ("Motion to Amend"). (R. Doc. 12). The motion is opposed. (R. Docs. 19, 22, 28).

Also before the Court is Plaintiffs' Motion for Remand. (R. Doc. 25). The motion is opposed. (R. Docs. 34, 39, 40).

The Court considers the foregoing motions together because they concern the same related issue of whether remand of this action is warranted.

**I.    Background**

On or about August 8, 2018, Kamal Rass, Karimah Ibrahim, and EZ Link Wireless Inc. ("EZ Link") (collectively, "Plaintiffs") initiated this action in the 19th Judicial District Court, East Baton Rouge, Parish, naming as defendants AHA Huts, LLC ("AHA"), United Specialty Insurance Company ("United"), Pizza Hut of America, Inc. ("PHA"), and the fictitious defendants John Doe and ABC Insurance Company (collectively, "Defendants"). (R. Doc. 1-2, "Petition").

Plaintiffs allege that a shared wall between EZ Link and a Pizza Hut location developed mold due to a leaky refrigerator on Pizza Hut's premises. (Petition ¶ 8-9). Among other things, Plaintiffs allege that Defendants are responsible for the resulting injuries and damages from the mold caused "by the negligent acts and omissions of Pizza Hut, individually and/or through their

1

employees, agents, representatives, and/or subcontractors." (Petition ¶ 12). Plaintiffs allege that "John Doe was the manager" of the Pizza Hut location and "as manager, failed to remedy the . . . hazards, had knowledge of the vice or defect, and failed to notify the appropriate parties of same." (Petition ¶¶ 21-22). Plaintiffs further allege that AHA and PHA are "liable for the actions of John Doe under the theory of respondent superior." (Petition ¶ 22).

On September 12, 2018, United removed the action, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). United further asserts that there is complete diversity between the parties because Plaintiffs are citizens of Louisiana, United is a citizen of Texas and Delaware, AHA is a citizen of Pennsylvania and Georgia, and PHA is a citizen of Delaware and Texas. (R. Doc. 1 at 2). United further asserts that it is facially apparent that the amount in controversy requirement is satisfied. (R. Doc. 1 at 3).

On October 4, 2018, Plaintiffs filed their Motion to Amend (R. Doc. 12). Plaintiffs state that the motion is made "to fix clerical errors in the original petition, to elaborate on damages sustained or to be sustained . . ., and to address jurisdiction, citizenship, and domicile issues." (R. Doc. 12 at 1). Among other things, Plaintiffs seek leave to name Damanda Jackson and "Arianna (last name unknown)" as nondiverse defendants in place of the John Doe defendant pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. In the proposed pleading, Plaintiffs assert that the proposed defendants are both citizens of Louisiana and "managers" of AHA and/or PHA during the applicable time periods. (R. Doc. 12-2 at 1). In support of the motion, Plaintiffs represented that AHA, PHA, and United do not oppose the filing of the proposed amended pleading. (R. Doc. 12 at 7).

In fact, Defendants oppose the Motion to Amend. (R. Doc. 13). While the defendants do not object to the correction of clerical errors and the clarification of the scope of damages, they

2

object to the addition of Damanda Jackson and "Arianna (last name unknown)" as nondiverse defendants. (R. Doc. 19 at 1-2; R. Doc. 22 at 1-2; R. Doc. 28 at 1-2).[1]

On October 16, 2018, Plaintiffs filed their Motion to Remand. (R. Doc. 25). While not addressed in their Motion to Remand, Plaintiffs assert that the proposed addition of Damanda Jackson and "Arianna (last name unknown)" as defendants is proper and divests the Court of diversity jurisdiction. Plaintiffs argue that the naming of a John Doe defendant was a proper placeholder, and that the individual acts of the managers subjects them to personal liability.

Defendants oppose remand on the basis that amendment to name the proposed defendants is an improper attempt to destroy diversity and otherwise should not be allowed. (R. Docs. 34, 39, 40).

## II.     Law and Analysis

### A.     Legal Standards

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several

---

[1] All of the defendants represent that Plaintiffs did not seek or obtain consent to add the proposed defendants to this action.

3

factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

Since joinder of a nondiverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id*. at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id*.

4

**B.     Analysis**

Having considered the record and the arguments of the parties, the Court concludes that amendment is inappropriate for the purposes of adding the nondiverse defendants identified in the proposed pleading.

The first *Hensgens* factor is resolved in favor of Defendants.  Plaintiffs seek to name Damanda Jackson and "Arianna (last name unknown)" as defendants on the basis that they, "as managers, failed to remedy the . . . hazards, had knowledge of the vice or defects, and failed to notify the appropriate parties of same." (R. Doc. 12-2 at 7).  Defendants have submitted uncontroverted evidence, however, indicating that Damanda Jackson was neither an employee nor a manager at the Pizza Hut location at issue.  Sarah Jordan, Associate Manager, Legal for PHA, submits an affidavit stating that "PHA records indicate that during the time period operated the Restaurant [i.e., January of 2012 until the sale to AHA on March 20, 2017], PHA did not employ anyone by the name of Damanda Jackson at the Restaurant." (R. Doc. 19-1 at 1). Ms. Jordan further states that "[t]he records further indicate that PHA did not employ anyone with the first name Damanda or anyone with the surname Jackson that held the title of Restaurant General Manager or Assistant Manager of the Restaurant." (R. Doc. 19-1 at 1).  Ivanka Green, the Operations Administrator for AHA, submits a declaration stating that AHA has no payroll records providing a "record of any payment to any individual named Damanda Jackson" at the Pizza Hut location at issue since AHA began its ownership on March 21, 2017. (R. Doc. 28 at 12).  Based on the foregoing uncontroverted evidence, it appears that any claim against Damanda Jackson on the basis that she was an employee of either AHA or PHA is futile.

It is unclear whether any individual with the first name of Arianna worked at the Pizza Hut location at issue at the relevant time periods (which are not clearly identified in the

5

pleadings).² Ms. Jordan states that "PHA did not employ anyone with the first name Arianna that held the title of Restaurant General Manager or Assistant Manager of the Restaurant." (R. Doc. 19-1 at 1). This statement does not eliminate the possibility that an individual named Arianna was employed at some time by PHA. Ms. Green is altogether silent regarding the employment of any individual named Arianna at the time period during which AHA operated the location. Plaintiffs assert that AHA has "confirmed that two Ariannas did work at the subject store location during pertinent times, one of which they believe is the person addressed in the petition, but [has] refused to voluntarily provide the last names." (R. Doc. 25-1 at 2). While Plaintiffs could not obtain this information voluntarily, they have had the opportunity to identify the last named of the full name of "Ariana (last name unknown)" and to identify managers during the relevant time periods. Despite this opportunity, Plaintiffs have not supplemented their motions with any information obtained in discovery.³

To the extent Plaintiffs are seeking leave to amend their pleadings to raise personal liability claims against the proposed defendants, those claims are not viable as asserted. This issue is governed by the Louisiana Supreme Court decision *Canter v. Koehring,* 283 So. 2d 716, 721 (La. 1973). *See Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009). In *Canter*, the Louisiana Supreme Court held that an employee could only be held personally liable for injuries to third persons where: (1) the employer owed a duty of care to the third person, breach of which caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant; (3) the defendant employee breached his duty

---

² The Petition alleges that Mr. Rass visited a primary care physician reports of his mold exposure on or about August 22, 2017. (Petition ¶ 7). Mr. Rass submits an affidavit affirming that he sought medical treatment on this date. (R. Doc. 25-2). Mr. Rass submits photographs and/or video still images as evidence of leakage from the freezer, but it remains unclear when this leakage began.
³ Discovery is set to close on June 17, 2019. (R. Doc. 33). Discovery has not been stayed in this action pending resolution of the instant motions.

through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages. *Canter*, 283 So. 2d at 721. In addition, personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for some function of employment. *Canter*, 283 So. 2d at 721.

As stated above, the uncontroverted evidence provides that Damanda Jackson is incorrectly identified as an employee and/or manager of PHA or AHA. But even if Damanda Jackson or "Arianna (last name unknown)" were employees and/or managers at the Pizza Hut location during the relevant time periods, Plaintiffs have not alleged specific facts in support of a finding that the *Canter* factors have been satisfied to establish personal liability. In short, Plaintiffs have not alleged that the proposed defendants owed them any personal duty. Plaintiffs merely allege that the proposed defendants "had knowledge of the vice or defects, and failed to notify the appropriate parties of same." (R. Doc. 12-2 at 7). These conclusory allegations do not plausibly establish that the proposed defendants owed any personal duties to Plaintiffs. *See*, *e.g.*, *Janko v. Fresh Mkt., Inc.*, No. 13-648, 2014 WL 2949306, at *5 (M.D. La. June 27, 2014) (denying motion to amend and remand where the plaintiff did "not claim that Jane Doe was personally responsible for inspecting and choosing the floral merchandise to sell, personally created the defect in the vase, or personally caused Plaintiff's injury"); *Black v. Lowe's Home Ctrs., Inc.,* No. 10-478, 2010 WL 4790906, at *1-3 (M.D. La. Oct. 22, 2010) (allegations that employee failed to properly supervise, inspect premises/aisle, maintain a safe environment, and remedy dangerous condition were insufficient under *Canter* absent allegations of personal involvement in creation of allegedly dangerous condition); *Carter v. Wal-Mart Stores Inc.,* No. 04-72, 2005 WL 1831092, at *2-3 (W.D. La. July 28, 2005) (generic allegations that employee

7

failed to inspect premises and maintain safe conditions of store rack that allegedly fell on customer insufficient to hold employee liable under *Canter* because they merely concerned employee's general responsibilities).

The second *Hensgens* factor also weighs in favor of the defendants. Plaintiffs filed the instant motion over two months after the filing the original petition, and over one month after removal. AHA represents that Plaintiffs were provided the identity of the proposed defendants before they filed suit. (R. Doc. 39 at 5). Given the foregoing, this factor is weighed in favor of the defendants.[4]

The third *Hensgens* factor, as well the consideration of other equitable factors, also weigh in favor of the defendants. Plaintiffs argue that they will be prejudiced if the amendment is denied because of "the concerns of coverage issues raised and without knowledge of the solvency of defendants, Plaintiffs desire to have as many sources of recovery as possible." (R. Doc. 25-1 at 7). In support of their argument that their claims against the proposed defendants are viable, Plaintiffs rely on images of "puddles of water pooling on the floor" of the Pizza Hut restaurant, the common law, and the EZ Link Wireless Inc. store. (R. Doc. 25-1 at 8). As discussed above, the allegations in the proposed pleading do not support a claim against the proposed defendants on the basis of personal liability. To the extent Plaintiffs seek to name the proposed defendants to recover from their alleged employers under a theory of vicarious liability, the addition of the proposed defendants is unnecessary. *See Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003)

---

[4] Plaintiffs state that they were unable "to verify the full names of the managers to sue" absent discovery, so they asserted a claim against a John Doe defendant. (R. Doc. 25-1 at 2). Plaintiffs do not identify any information subsequent to the filing of the Petition or removal that led to the identity of the proposed defendants. It therefore appears that Plaintiffs was aware of the names Damanda Jackson and "Arianna (last name unknown)" prior to the filing of the Petition and removal. That Plaintiff did not allege claims against these individuals prior to the filing of the action also supports a finding that Plaintiff's sole purpose of alleging a claim now is to destroy diversity jurisdiction.

8

(plaintiff would not be significantly injured where addition of proposed defendant acting in scope of employment was not indispensable to the litigation where the employer was a defendant and sued under theory of vicarious liability).

Based on the foregoing, the *Hensgens* factors, when considered in their totality, weigh in favor of denying the proposed amendment to add Damanda Jackson and "Arianna (last name unknown)" as nondiverse defendants in this action.

### C. Representations by Plaintiffs' Counsel

Collins Locke Meredith, counsel for Plaintiffs, represents in the Motion to Supplement and Amend Petition that he contacted opposing counsel for AHA, Pizza Hut and United Specialty Insurance Company and "none of whom oppose the filing of the supplemental and amending petition." (R. Doc. 12 at 7). In support of this representation, counsel refers the Court to Exhibit 3, which includes various email correspondence. (R. Doc. 12-3).

In each of those attachments, Mr. Meredith refers to his intention to add a few other damage allegations and correct several clerical errors.[5] Opposing counsel did not oppose these intended changes. As set forth above, however, the proposed amendments go far beyond the representations made to opposing counsel in securing their "consent." Indeed, the introductory paragraph to the motion indicates that the proposed pleading is "to fix clerical errors in the original petition, to elaborate on damages sustained or to be sustained . . . **and to address jurisdiction, citizenship, and domicile issues**." (R. Doc. 12 at 1) (emphasis added). This

---

[5] ("Confirming that you all are not opposing our filing an amended petition to fix several clerical errors including inadvertently leaving EZ Link Wireless Inc. out of the header as well as adding a few other damage allegations" R. Doc. 12-3 at 2); ("Confirming our conversation of moments ago that you all are not opposing our filing an amended petition to fix several clerical errors including inadvertently leaving EZ Link Wireless Inc. out of the header as well as adding a few other damage allegations" R. Doc. 12-3 at 3); ("Also, we discussed that I am filing an amended petition with a few other damage allegations as well as to fix some clerical errors in the petition including inadvertently leaving EZLink out of the heading" R. Doc. 12-3 at 4).

9

emphasized language was noticeably absent from the correspondence obtaining consent. Nowhere in this correspondence does counsel indicate that he intends to name specific non-diverse individual defendants. Nowhere does he indicate the theory or cause of action against these additional individuals. Although the motion was filed the same day as the aforementioned correspondence, it is apparent that counsel never provided a copy of the proposed pleading.

Defense counsel all represent that they were never informed that Mr. Meredith intended to add non-diverse parties, they never consented to such, and if asked would have expressed opposition. (R. Doc. 19 at 1-2; R. Doc. 22 at 1-2; R. Doc. 28 at 1-2).

Mr. Meredith is advised that misrepresentations to the Court, particularly regarding the position of opposing counsel based on a lack of candor or material omissions, will not be tolerated. Disciplinary proceedings and possible sanctions include those set forth in Local Rule 83(b)(12)(D).[6]

### III.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Supplement and Amend (R. Doc. 12) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 25) be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 5, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *See In re Donna Grodner*, 587 Fed. Appx. 166, 170 (5th Cir. Nov. 3, 2014) (affirming 60-day suspension from practicing before the court based on attorney's misrepresentation in characterizing a motion as unopposed).