# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KAMAL RASS, ET AL.                              CIVIL ACTION

VERSUS

                                                NO. 18-835-SDD-RLB

AHA HUTS, LLC, ET AL.

## ORDER

Before the Court is Defendant AHA Huts, LLC's ("AHA Huts") Motion to Compel Discovery Responses (R. Doc. 59) filed on September 13, 2019. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

On July 9, 2019, AHA Huts served its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions on Kamal Rass, Karimah Ibrahim, and EZ Link Wireless, Inc. (collectively, "Plaintiffs").[1] (R. Doc. 59-3).

Plaintiffs had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3). The record indicates that on August 30, 2019, the parties participated in a discovery conference and Plaintiffs were provided a one-week extension until September 6, 2019 to provide discovery responses. (R. Docs. 59-4, 59-5, 59-6). AHA Huts represents that it did not receive the discovery responses by the date of the filing of the instant motion. (R. Doc. 59-1 at 3). AHA Huts seeks an order holding that the requests for admissions are deemed admitted, that Plaintiffs must provide responses to the discovery requests without objections, and that AHA Huts is awarded the reasonable expenses incurred in making the instant motion. (R. Doc. 59-1 at 3-4).

---

[1] It appears that only the Requests for Production of Documents was directed at EZ Link, Inc.

The record indicates that Plaintiffs failed to respond to AHA Huts' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions within the time agreed upon. Furthermore, Plaintiffs failed to file any timely opposition to the instant motion.

Because Rule 36 is self-executing, Plaintiffs are deemed to have admitted AHA Hut's Requests for Admission by default. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Rule 36(b) provides that "[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. Proc. 36(b); *see In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."). The Court may "permit the withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Plaintiffs must file an appropriate motion to withdraw or amend the deemed admissions.

As Plaintiffs did not make any timely objections to AHA Huts' discovery requests, the Court finds that Plaintiffs have waived their objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly

burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiffs to provide responses to AHA Huts' interrogatories and requests for production without any objections other than those pertaining to any applicable privileges or immunities.

Given the record, including Defendant's failure to file any opposition, the Court will also award Plaintiff the recovery of reasonable expenses incurred in making the instant motion, including attorney's fees, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

**IT IS ORDERED** that AHA Huts' Motion to Compel Discovery Responses (R. Doc. 59) is **GRANTED**. Plaintiffs must provide responses to AHA Huts' Interrogatories and Requests for Production, without objections, no more than **7 days** from the date of this Order.

**IT IS FURTHER ORDERED** that AHA Huts is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel, and that Plaintiffs shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Plaintiffs shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, AHA Huts may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

---

[2] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.

(3) Plaintiffs shall, within 7 days of the filing of AHA Huts' Motion, file any opposition pertaining to the imposition of the amounts requested by AHA Huts.

Signed in Baton Rouge, Louisiana, on October 9, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**